**William G. BURNS, trading and doing business as International Advertising Agency**

v.

**Ben JAFFE, Guarantee Reserve Life Insurance Company, a corporation, Harold S. Schwartz and Associates, Inc., a corporation, Harold S. Schwartz and Eugene Jaffe.**

**No. 53 C 2382.**

United States District Court
N. D. Illinois.

Dec. 29, 1956.

Jay E. Darlington, Hammond, Ind., John R. Jeffers, Chicago, Ill., for plaintiff.

Gottlieb & Schwartz, Chicago, Ill., for defendants Ben Jaffe and Eugene Jaffe.

Nelson, Boodell & Will, Chicago, Ill., for defendant Guarantee Reserve Life Ins. Co.

Harold T. Berc, Chicago, Ill., for defendants Harold S. Schwartz and Harold S. Schwartz and Associates, Inc.

HOFFMAN, District Judge.

It is my conviction that the motion of the defendants for summary judgment must be denied because the pleadings, the exhibits, and the plaintiff's deposition on file raise a genuine issue of material fact.

The plaintiff's claim is based upon a theory of joint venture in the defendants' purchase of the broadcasting time of a certain Mexican radio station, and upon a claimed contract, partly oral and partly written, by which the defendants agreed to hire the plaintiff as advertising manager for the station-time obtained through his advice.

The defendants' motion for summary judgment is predicated upon a release which the plaintiff in his deposition admitted executing. On its face, the release would cover the plaintiff's claim. But the plaintiff counters with a subsequent writing, called in the briefs the second release, and with the notation on a check given in payment for the release.

The plaintiff's position is this: pursuant to their arrangement, plaintiff and defendants entered into negotiations to purchase the time of station XEG in Mexico. The negotiations were stopped by other litigation, and the defendants then looked into the possible construction of a *new* station, XENT. The release was intended to cover only the services connected with the latter dealings, re XENT, and not the XEG dealings. When defendants subsequently acquired the time of XEG, the plaintiff's rights accrued.

The first release is broad enough to cover all services. It was entered into after negotiations in which the defendants were represented by one Wilson. Subsequently, and before the full consideration for the release was paid, the plaintiff and Wilson, to clarify the earlier writing, agreed to another form of release which was signed by plaintiff. No additional consideration was paid. This second release is ambiguous; it can be construed as relating only to the XENT services, or to XEG as well. Then finally, in making the final payment under the release, Wilson, according to plaintiff acting as the defendants' agent, made a notation on the check which indicates that the release related only to the XENT dealings, and not to the plaintiff's present claim. Reading the two releases and the check together raises an ambiguity which may be clarified by parol evidence. Therefore, it seems there is a genuine issue of fact as to the proper interpretation of the release.

Moreover, there is a question of executory accord implicit in the case although not briefed. The $2,500 consideration for the release was not paid at once, but in several instalments. The check rendered in final payment bore a notation that it related to XENT in Laredo. Unless this reflects the original release, the consideration has never been paid, and the plaintiff is not barred, under the general rule that an agreement of compromise is not binding unless fully executed.

■ The three instruments involved were drawn not by lawyers but by laymen. The parol evidence rule, relating to prior or contemporaneous oral or written agreements, does not bar consideration of subsequent writings, and these in turn disclose an ambiguity that admits of explanation and clarification by parol. (At this stage it is unnecessary to decide whether the law of Texas or Illinois or the law established by federal decision controls the admissibility of this parol evidence. See Fed.Rules Civ.Proc. rule 43(a), 28 U.S.C.A.)

■ The defendant Guarantee Reserve Life Insurance Company moves for summary judgment on the additional ground that it was not a party to any contract with the plaintiff nor to any conspiracy to deprive plaintiff of his rights as charged in the complaint. It appears that plaintiff dealt with Ben Jaffe who was President of the company, and who used its stationery and appeared to deal on its behalf. This seems sufficient to raise a factual issue of agency. The defendants have offered no affidavits on the point, and the plaintiff is not obliged to make out his whole case on a motion for summary judgment. His deposition is not to be regarded as the plaintiff's case at trial, and the motion for summary judgment as the equivalent of a motion for a directed verdict at the close of the plaintiff's case. It is enough

if the plaintiff shows the existence of a genuine factual controversy on the points questioned by the defendants.

The motion of the defendants for summary judgment is denied.